**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco GODINEZ–VALENCIA, Defendant–Appellant.**

**No. 13–30065.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Submitted May 13, 2014.*

Filed May 16, 2014.

Greg Nyhus, Assistant U.S., Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff-Appellee.

Ruben L. Iniguez, FPDOR-Federal Public Defender's Office, Portland, OR, for Defendant-Appellant.

Before: GOODWIN, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Francisco Godinez-Valencia appeals the district court's decision that his conviction under Oregon Revised Statutes section 163.365 qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo whether a past conviction constitutes an aggravated felony. *Murillo-Prado v. Holder*, 735 F.3d 1152, 1156 (9th Cir.2013). Oregon's statute proscribes sexual intercourse with a minor under fourteen years of age. *See* Or.Rev. Stat. § 163.365(1). Godinez-Valencia's conviction under this statute qualifies as an aggravated felony, because it categorically constitutes sexual abuse of a minor

under the three-part federal generic definition articulated in *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir.1999).[1]

First, the conduct proscribed by the statute is sexual. *See United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). Second, the statute protects minors. *See id.* Third, the statute proscribes only sexual conduct with children under the age of fourteen, and therefore prohibits conduct that is per se abusive. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir.2010).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Our holding compels rejection of Godinez-Valencia's alternative argument that Oregon Revised Statutes section 163.365 does not constitute sexual abuse of a minor under the

sentencing guidelines. *See United States v. Medina-Villa*, 567 F.3d 507, 511-12 (9th Cir. 2009) ("[D]ecisonal law defining the term 'sexual abuse of a minor' in the sentencing context is informed by the definition of the same term in the immigration context and vice versa." (citations omitted)).

